# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANGELO THOMAS-EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00176-RHH |
| GREGORY HANCOCK, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Plaintiff DeAngelo Thomas El's pro se Complaint. [ECF No. 1]. The complaint is defective because it was not signed by Plaintiff and not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). Additionally, Plaintiff must either pay the filing fee or file a Motion to Proceed in Forma Pauperis.[1] *See* 28 U.S.C. § 1915(a). If he chooses to seek leave to proceed in forma pauperis, Plaintiff must also file a copy of his certified account statement for the six-month period immediately preceding the filing of the Complaint.

### The Complaint

Plaintiff DeAngelo Thomas-El, a prisoner at Southeast Correctional Center (SECC), filed a handwritten document on October 20, 2025, titled, "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." [ECF 1]. However, a review of the document reveals that Plaintiff

---

[1] Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed in forma pauperis if he has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prison is under imminent danger of serious physical injury. It appears that Plaintiff has previously had three prior cases dismissed for one of the reasons set forth in § 1915(g). *See Thomas-El v. Alfero, et al.,* No. 4:20-cv-00409-PLC (E.D. Mo. Mar. 17, 2020); *Thomas-El v. Precythe, et al.,* No. 2:19-cv-00049-SPM (E.D. Mo. Jun. 24, 2019); and *Thomas-El v. Meyer*, No. 4:21-cv-00992-SRC (E.D.Mo. Feb. 17, 2022). As such, even if Plaintiff files a Motion to Proceed in Forma Pauperis, it is likely his Motion will be denied based on § 1915(g).

is seeking to challenge the circumstances of his confinement rather than the validity[2] of his confinement. Therefore, the Court will require Plaintiff to amend his Complaint on a Prisoner Civil Rights Complaint Form.

Plaintiff states that Officer Colby Muller gave him a conduct violation on January 10, 2025, when Muller was picking up food trays and Plaintiff refused to allow his food port to be closed. Plaintiff asserts that his due process rights under the Fourteenth Amendment were violated on January 16, 2025, by SECC Case Manager Melanie Boyer, when she found him guilty of disobeying a direct order from Muller. Plaintiff seeks an order from the Court dismissing the conduct violation in question. These claims are more appropriately addressed in a § 1983 action. Thus, Plaintiff should amend his Complaint on a § 1983 Prisoner Civil Rights Complaint Form.

### Instructions for Amending the Complaint

Plaintiff has **21 days** from the date of this Order to file an Amended Complaint on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized Complaint. *See* Fed. R. Civ. P. 8(a).

Additionally, Plaintiff is warned that the filing of his Amended Complaint replaces the original Complaint, so Plaintiff must include each of the claims he wishes to pursue in the Amended Complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original Complaint that are not included in the Amended Complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the Amended Complaint must show how each named Defendant is directly responsible for the alleged harms. If Plaintiff wishes to sue Defendants in their individual

---

[2] Matters relating to the validity of confinement, or affecting the duration of confinement, are appropriately addressed within the province of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

capacities, Plaintiff must specifically say so in the Amended Complaint. If Plaintiff fails to sue Defendants in their individual capacities, this action may be subject to dismissal.

All of Plaintiff's claims should be clearly set forth in the "Statement of Claim." If Plaintiff fails to file an Amended Complaint on the Court's form within **21 days** and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that Plaintiff must file an Amended Complaint, in accordance with the instructions set forth above, on the Court's form within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full filing fee **or** submit Application to Proceed in District Court without Prepaying Fees or Costs form within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to submit Application to Proceed in District Court without Prepaying Fees or Costs form and Plaintiff maintains a prison account at SECC, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **21 days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of November, 2025.

                                                  RODNEY H. HOLMES
                                                  UNITED STATES MAGISTRATE JUDGE